**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE     ) | |
|   EMPLOYEES' RETIREMENT SYSTEM,   ) | |
|                                                                       ) | |
|         Plaintiff,                                            ) | |
|                                                                       ) | |
| v.                                                                 )   NO. CIV-12-667-D | |
|                                                                       ) | |
| CONTINENTAL RESOURCES, INC.,          ) | |
|   HAROLD G. HAMM, H. R. SANDERS, JR.,   ) | |
|   JOHN T. McNABB II, MARK E. MONROE,   ) | |
|   ELLIS L. McCAIN,  ROBERT J. GRANT,    ) | |
|   JEFFREY B. HUME, and WHEATLAND       ) | |
|   OIL INC.,                                               ) | |
|                                                                       ) | |
|         Defendants.                                    ) | |

**<u>ORDER</u>**

Before the Court is Plaintiff's renewed motion to conduct expedited discovery [Doc. No. 52], seeking to conduct discovery in connection with its motion for a preliminary injunction [Doc. No. 51]. The two pending motions were filed shortly before the Court conducted its scheduled July 30, 2012 hearing on Plaintiff's motion seeking a temporary restraining order ("TRO") [Doc. No. 11]. In both the TRO and the preliminary injunction, Plaintiff asks the Court to enjoin the August 10, 2012 vote of the shareholders of Continental Resources, Inc. ("Continental").

In connection with its request for a TRO, filed July 16, 2012, Plaintiff also filed a motion for expedited discovery. On July 24, 2012, the Court entered its Order [Doc. No. 33] denying the motion for expedited discovery, without prejudice to Plaintiff's resubmission of the request after the filing of an anticipated motion for a preliminary injunction.[1]

---

[1] The motion seeking a TRO was filed on July 16, 2012, and it was not accompanied by a preliminary injunction motion. Notice was given to all parties, and the TRO was fully briefed before the July 30 hearing.

By separate Order entered this date, the Court has denied the TRO request. That Order is adopted and fully incorporated herein. As set forth in detail in the Order, the Court concluded the evidence and governing law establish that Plaintiff failed to show a likelihood of success on the merits of its claim that Continental's directors breached their fiduciary duties to the minority shareholders by failing to disclose, in the definitive proxy regarding the August 10 vote, detailed information underlying the fairness opinion of Evercore Group, L.L.C. ("Evercore"). Further, as explained in detail in the Order, the Court also concluded that Plaintiff failed to demonstrate in connection with the arguments advanced at the TRO hearing that it will suffer irreparable harm if injunctive relief is not granted and the scheduled August 10 vote takes place.

Plaintiff's request for discovery seeks four categories of documents,[2] and each seeks production of information underlying the Evercore fairness opinion. *See* Motion [Doc. No. 52] at p. 4. This information is effectively the same material Plaintiff contends should have been disclosed in the definitive proxy. Inasmuch as the Court has ruled that Continental was not obligated to disclose this information in the definitive proxy, the subject matter of the four requested categories of documents cannot form the basis for a preliminary injunction, and there is no need for expedited discovery. The request for expedited discovery requiring production of these documents is denied.

The only other discovery sought by Plaintiff consists of the deposition of the Evercore officer or employee most knowledgeable with respect to the proposed acquisition which is the subject of the scheduled shareholder vote and a deposition of one of the co-trustees of the Hamm

---

[2]The motion states that it is accompanied by an exhibit setting out a document request. However, no exhibit is attached to the motion. As a result, the Court has confined its ruling to the documents listed in Plaintiff's motion at page 4.

Children Trusts which own some shares in Continental.

The motion to conduct expedited discovery is denied to the extent Plaintiff seeks to depose a representative of Evercore for the same reasons, set forth above and fully explained in the Order denying the TRO, that the Court has denied expedited document production on this topic.

With respect to the requested deposition of a trustee of the Hamm Children Trusts ("Trusts"), the Court notes that Plaintiff contends the Trusts should not be allowed to vote on the proposed acquisition because they are allegedly controlled by Defendant Harold Hamm, the Chief Executive Officer and majority shareholder of Continental. Plaintiff does not contend that the existence of the Trusts and their stock ownership was not disclosed in the proxy statement. In fact, the proxy expressly discloses that certain shares are owned by irrevocable trusts established for the benefit of Harold Hamm's children. *See* July 9, 2012 proxy at page 13. The proxy also discloses that those trusts own approximately 8.11% of the outstanding common stock of Continental. *Id.* It further explains that, because Harold Hamm does not possess any voting or investment power over the shares owned by the trusts, they are not considered excluded shareholders, and the Trusts' vote at the August 10 meeting will be counted. Plaintiff contends that, notwithstanding these statements, Harold Hamm controls the vote which will be cast by the Trusts and such vote should not be counted.

During the TRO hearing, counsel expressly stated Plaintiff did not seek a TRO on this issue, but confined Plaintiff's argument to the claim that the definitive proxy omitted data underlying the Evercore opinion. Plaintiff's counsel did, however, suggest that he would seek narrowly tailored discovery inquiring whether the Trustees have in some way submitted to the control of Harold Hamm in connection with their votes. And, as is apparent from Plaintiff's pending Motion for

Preliminary Injunction [Doc. No. 51], Plaintiff continues to seek injunctive relief regarding the ability of the Trusts to vote at the upcoming shareholders meeting.

Having considered this issue, the Court concludes that Plaintiff should be allowed to conduct limited, expedited discovery, in the form of a deposition of the subject Trustee(s). Such deposition discovery shall be completed on or before August 7, 2012, and shall be limited to subject matter reasonably related to the independence of the Trustees in voting the shares of stock owned by the Trusts.

For the foregoing reasons, the motion [Doc. No. 52] to conduct expedited discovery is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 3rd day of August, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE