# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

LOUISIANA MUNICIPAL POLICE )
  EMPLOYEES' RETIREMENT SYSTEM, )
                                               )
      Plaintiff, )
                                               )
v. )   NO. CIV-12-667-D
                                               )
CONTINENTAL RESOURCES, INC., )
  HAROLD G. HAMM, H. R. SANDERS, JR., )
  JOHN T. McNABB II, MARK E. MONROE, )
  ELLIS L. McCAIN, ROBERT J. GRANT, )
  JEFFREY B. HUME, and WHEATLAND )
  OIL INC., )
                                               )
      Defendants. )

## ORDER

Before the Court is the motion to dismiss of Defendant Continental Resources, Inc. ("Continental") [Doc. No. 86]. Defendants Mark E. Monroe, H. R. Sanders, John T. McNabb, Ellis L. McCain, and Robert J. Grant (collectively, the "Special Committee Director Defendants") have joined in the motion.[1] Plaintiff responded to the motion, and Continental filed a reply.

Background:

Plaintiff filed this action on June 12, 2012, alleging that the defendants breached their fiduciary duties to Continental's minority shareholders in connection with Continental's proposed acquisition of certain assets owned by Wheatland Oil, Inc. ("Wheatland"). Specifically, Plaintiff contends the proxy statement setting out the terms of the acquisition omitted material information

---

[1]The Special Committee Director Defendants initially filed a separate motion, seeking dismissal for lack of personal jurisdiction [Doc. No. 85], but they sought and were granted leave of Court to withdraw that motion and join in Continental's motion. Order of October 23, 2012 [Doc. No. 94]. They filed a notice [Doc. No. 95] joining in Continental's motion and adopting its arguments in support of dismissal for failure to state a claim, and a notice [Doc. No. 96] expressly withdrawing their motion to dismiss on jurisdictional grounds. Accordingly, their withdrawn jurisdictional arguments need not be considered. Defendants Harold G. Hamm, Jeffrey B. Hume, and Wheatland Oil, Inc. have jointly filed a motion to dismiss [Doc. No. 87]. That motion will be addressed in a separate order.

which rendered the proxy misleading to Continental's shareholders, and Defendants' omission of that information constitutes a breach of their fiduciary duties to the minority shareholders.

Defendant Harold Hamm ("Hamm") is the majority shareholder and Chief Executive Officer of Continental, and owns approximately 68% of Continental's stock. Wheatland is owned by Hamm and Defendant Jeffrey B. Hume ("Hume"), who is also Continental's Vice Chairman of Strategic Growth Initiatives and its former President and Chief Operating Officer. Hamm owns 75% of Wheatland, and Hume owns 25%.

Continental is an oil and gas exploration and production company, and its stock is publicly traded on the New York Stock Exchange ("NYSE"). Pursuant to Securities and Exchange Commission ("SEC") regulations, NSYE rules, and the terms of the purchase and sale agreement between Continental and Wheatland, the proposed acquisition was an interested party transaction, which required the approval of a majority of Continental's minority shareholders. Thus, Continental was required to receive approval from a majority of the issued and outstanding Continental shares held by shareholders other than members of Continental's Board of Directors, its executive officers, Hamm and his affiliates, and Hume and his affiliates.

Plaintiff is a Louisiana public retirement system which has invested in Continental stock, and currently owns shares which it values as worth more than $75,000.00.[2] As a result, it was among the minority shareholders whose approval was required for the acquisition.

In accordance with SEC requirements, Continental issued a July 9, 2012 definitive proxy statement ("Proxy") setting out the terms of the proposed Wheatland assets acquisition ("Wheatland Acquisition"). The Proxy explained, *inter alia,* that the assets to be purchased in the proposed sale

---

[2]The number of Continental shares owned by Plaintiff is not disclosed in the Complaint, the Amended Complaint, or Plaintiff's briefs.

consisted of Wheatland's five to ten per cent interests in oil and gas properties located in portions of the Bakken field in North Dakota and Montana and other properties in Oklahoma and Mississippi. The transaction was not an acquisition of the stock of Wheatland, but a purchase of Wheatland assets consisting of all its interests in the above-described oil and gas properties (the "Wheatland Assets"). The Proxy and incorporated materials also explained that, at the time of the proposed acquisition, Continental already owned the majority of the oil and gas properties in the areas where the Wheatland Assets are located. Thus, the Wheatland Acquistion would increase Continental's holdings in those areas.

Plaintiff initially sought to enjoin the scheduled August 10, 2012 shareholder vote, filing a motion for a temporary restraining order ("TRO"). Alternatively, Plaintiff asked the Court to enjoin Defendants from counting the shares voted by the trustee of two trusts ("Trusts") established for the benefit of Hamm's children. Following a hearing, the Court entered its August 3, 2012 Order [Doc. No. 62] denying the TRO. On the date of the TRO hearing, Plaintiff filed a motion for a preliminary injunction, again seeking to enjoin the scheduled August 10 vote. A separate hearing was conducted on that motion and, in an August 9, 2012 Order [Doc. No. 75], the Court denied the request for a preliminary injunction. In both orders, the Court found, *inter alia,* that Plaintiff could not demonstrate a likelihood of success on the merits of its breach of fiduciary duty claims because the evidence and the governing law demonstrated that Defendants satisfied their duty to disclose material facts to the minority shareholders.

On August 10, 2012, the scheduled meeting of the Continental shareholders was conducted, and the shareholders approved the Wheatland Acquisition. According to public filings submitted by Defendants and not disputed by Plaintiff, approximately 80% of the outstanding disinterested shares

were voted in favor of the acquisition. *See* August 16, 2012 SEC Form 8-K, submitted as Exhibit 3 to Defendants' motion. According to the SEC Form 4 Statement of Changes in Beneficial Ownership of Securities, filed by Continental on August 15, 2012, Continental acquired the Wheatland Assets for $313,292,574. Defendants' Exs. 4, 5.

On August 22, 2012, Plaintiff filed its Amended Complaint [Doc. No. 79], which Defendants now seek to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants contend that the Amended Complaint fails to state a plausible claim for relief based on any of the alleged omissions on which Plaintiff relies to support its breach of fiduciary duty claim.

Standard of review:

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation marks omitted). "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is

liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

In analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Specifically, courts may take judicial notice of federally regulated filings, including SEC filings. *In re Morgan Stanley Information Fund Securities Litig.*, 592 F.3d 347, 355 n. 5 (2d Cir. 2010).

Application:

To state a claim for relief based on a failure to disclose information in a proxy statement, a plaintiff must alleged facts to show both that there was a disclosure violation and that the omitted information was material. *In re CheckFree Corp. Shareholders Litig.*, 2007 WL 3262188, at *3 (Del. Ch. Nov. 1, 2007) (unpublished).[3] "To survive a motion to dismiss, the plaintiffs...must allege that facts are missing from the statement, identify those facts, state why they meet the materiality standard and how the omission caused injury." *Malpiede v. Townson*, 780 A.2d 1075, 1086-87 (Del. 2001) (quotation omitted).

In the Amended Complaint, Plaintiff asserts essentially the same claim as set forth in the original Complaint, alleging that Defendants breached their fiduciary duties to Continental shareholders by failing to disclose in the Proxy statement information that was purportedly material to the shareholders' decision regarding whether to approve the Wheatland Acquisition. Plaintiff does not assert violations of the federal securities laws or regulations, and does not assert a claim based on fraud.

---

[3]The parties agree that Oklahoma courts consider decisions of the Delaware courts persuasive authority on issues related to the construction of the Oklahoma General Corporation Act because it is based on Delaware's Corporations Act. *See Beard v. Love,* 173 P.3d 796, 802 (Okla. Civ. App. 2007).

Plaintiff alleges Defendants failed to disclose the following purportedly material facts: 1) information regarding the "Wheatland Assets' estimated future oil and gas production or Continental's potential expenses accruing from same," Amended Complaint ¶ 34; 2) information about Wheatland that was allegedly available to the co-trustee of the Hamm children's irrevocable trusts and/or information regarding the relationship between Hamm and the co-trustee, Amended Complaint ¶ 38; 3) information about the "substantial transportation costs involved in exploiting the Wheatland Assets and...their past, present, and future effect on the value of the Wheatland Acquisition," Amended Complaint ¶ 33; and 4) information regarding the underlying data on which Evercore Group, L.L.C. ("Evercore") relied in preparing the fairness opinion issued by Evercore and included as Appendix A to the Proxy, Amended Complaint ¶¶ 35, 36, 37. Each of these contentions was also asserted in the original Complaint.

The Amended Complaint adds one new contention, alleging Defendants also breached their fiduciary duty by failing to disclose why Continental determined it was permitted to proceed with closing the Wheatland Acquisition despite language in the Purchase Agreement which allegedly prohibits that acquisition from closing while this litigation remains pending. Amended Complaint at ¶ 39.

Defendants argue that dismissal is mandated because a plausible claim for relief based on breach of a fiduciary duty cannot be stated where, as a matter of law, there is no duty to disclose additional information or where the information cited by a plaintiff cannot be material. Defendants note that, in denying Plaintiff's motions for a TRO and a preliminary injunction, the Court found no duty was breached. Accordingly, they contend Plaintiff cannot state a plausible claim for relief. With respect to the new allegation in the Amended Complaint, Defendants also argue it fails to state

a plausible claim for relief.

In response, Plaintiff argues that the Court's previous denial of injunctive relief does not mandate dismissal because the legal standards governing Rule 12(b)(6) motions differ from those governing preliminary injunction motions. Although Plaintiff correctly distinguishes the standards governing preliminary injunctive relief from those applicable to a motion to dismiss, its argument does not necessarily preclude dismissal for failure to state a claim in this case.

Where a defendant seeks dismissal on grounds that he had no duty to disclose, the issue may properly be determined in a Rule 12(b)(6) motion. *In re Marsh & McLennan Companies, Inc. Securities Litigation*, 536 F. Supp. 2d 313, 319 (S.D.N.Y. 2007) (citations omitted). Where there is no duty to disclose, a complaint fails to state a claim for relief on a cause of action based on the violation of that alleged duty. *Id.*, at 324. That rule is equally applicable where, as in this case, the plaintiff does not allege a violation of federal securities law, but asserts that corporate directors breached their fiduciary duties to shareholders by failing to disclose material facts, because the absence of a duty to disclose renders the claim subject to dismissal. *Noble v. AAR Corp.,* 2013 WL 1324915, at * 4 (N.D. Ill. April 3, 2013) (unpublished opinion) (applying Delaware law); *Malpiede*, 780 A.2d at 1086; *In re JCC Holding Co., Inc.,* 843 A.2d 713, 720 n. 12 (Del.Ch. 2003); *Orman v. Cullman*, 794 A.2d 5, 32 (Del. Ch. 2002); *Skeen v. Jo-Ann Stores, Inc.*, 750 A.2d 1170 (Del. 2000). Dismissal is proper where, even if taken as true, the allegations cannot legally support a claim for relief because of the absence of a duty to disclose or because the omitted information could not be material as a matter of law. *See, e.g., In re JCC Holding*, 843 A.2d at 720; *Orman*, 794 A.2d at 32. As one Delaware court noted, "[o]ur law is replete with examples of situations when this court has dismissed disclosure claims" based on the allegations in a complaint and the content of a

proxy statement where there was no duty to disclose or the information was immaterial as a matter of law. *In re JCC Holding,* 843 A.2d at 720. Dismissal for failure to state a claim is also proper on the issue of materiality, as alleged "statements or omissions may be immaterial as a matter of law," and are properly dismissed. *Malpiede*, 780 A.2d at 1086.

The scope of the corporate directors' fiduciary duty to disclose information in a proxy statement is well settled. Corporate directors are "'under a fiduciary duty to disclose fully and fairly all material information within the board's control when it seeks shareholder action.'" *Globis Partners, L.P. v. Plumtree Software, Inc.,* 2007 WL 4292024, at *10 (Del. Ch. Nov. 30, 2007) (unpublished opinion) (quoting *Stroud v. Grace*, 606 A.2d 75, 84 (Del. 1992)). However, the directors' duty to disclose is "not boundless," as "directors need only disclose information that is material." *In re CheckFree*, 2007 WL 3262188, at *2 (citing *Louden v. Archer-Daniels-Midland Co.,* 700 A.2d 135, 142 (Del. 1997)). "'The essential inquiry is whether the alleged omission or misrepresentation is material.'" *Globis*, 2007 WL 4292024, at *10 (quoting *Arnold v. Society for Savings Bancorp, Inc.,* 650 A. 2d 1270, 1277 (Del. 1994)).

To constitute a material omission sufficient to establish liability, the information in question must "significantly alter" the "total mix of information made available" to the shareholders. *In re Netsmart Techs., Inc. Shareholders Litigation,* 924 A.2d 171, 199 (Del. Ch. 2007); *Zirn v. VLI Corp.,* 621 A.2d 773, 778-79 (Del. 1993); *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976).[4] "The burden of demonstrating a disclosure violation and of establishing the materiality of requested information lies with the plaintiffs." *In re CheckFree*, 2007 WL 3262188, at *2 (citing *In re Gen. Motors (Hughes) Shareholder Litigation,* 2005 WL 1089021, at * 13 (Del. Ch. May 4,

---

[4]Delaware has adopted the *TSC Industries* standard to determine materiality. *See Rosenblatt v. Getty Oil Co.*, 493 A.2d 929, 944 (Del. 1981).

2005), *aff'd*, 897 A.2d 162 (Del. 2006)). Thus, in order to state a plausible claim for relief, a plaintiff must allege facts which, if taken as true, would support materiality. *Malpiede,* 780 A.2d at 1087.

When determining the materiality of an omitted fact, courts may consider "the information disclosed directly to shareholders as well as that which was publicly available at the time of the alleged omission." *Haberland v. Bulkeley,* 896 F.Supp. 2d 410, 424 (E.D.N.C. 2012) (citing *Citron v. Fairchild Camera & Instrument Corp.*, 569 A.2d 53, 70-71 (Del. 1989) and *In re Oracle Corp.*, 867 A.2d 904, 940 (Del. Ch. 2004), *aff'd,* 872 A.2d 960, 2005 WL 877903 (Del. 2005) (unpublished)).

Based on the foregoing legal standards, the Court must determine whether Plaintiff has stated a plausible claim for relief based on the alleged omissions which it contends support its claim that Defendants breached their fiduciary duty of disclosure.

Failure to disclose facts regarding the projected price of oil and gas from the Wheatland Assets:

Plaintiff contends the Proxy materials are misleading because they fail to accurately disclose the projected price of oil and gas from the Wheatland Assets in the Bakken field, and fail to disclose information underlying the Reserve Report Projections set out in the Proxy. This alleged omission was a subject of the preliminary injunction hearing, and was addressed by the Court at length in the Order [Doc. No. 75] denying injunctive relief.

The Court concludes that, contrary to Plaintiff's contention, the Proxy contains sufficient detail to satisfy the duty to disclose information regarding projected prices and reserves. The Proxy sets out the reserve data, the costs of production, and the anticipated production from the Wheatland Assets. *See* Proxy, Ex. 2 to motion to dismiss, p. 14. It further discloses four valuation scenarios

9

addressed by Evercore in its fairness opinion and considered by the Special Committee Director Defendants and, ultimately, the Board. These scenarios underscore the inherent volatility of oil and gas prices. Future oil and gas prices, of course, cannot be predicted with certainty. Accordingly, to the extent Plaintiff seeks to impose a legal duty on Defendants to make such predictions, its contention must be rejected.

The Proxy discloses the number and location of producing, shut-in, and undeveloped wells to be included in the Wheatland Assets. Proxy at p. 14. It also identifies the wells, by location, in which Wheatland participated during the three years prior to the Proxy, as well as Wheatland's oil and gas production, by location, for those years. *Id.* Additionally, the Proxy discloses Wheatland's revenues and costs for the three-year period. Proxy at p. 14.

Furthermore, the same uncertainties associated with Wheatland's Assets also apply to Continental's own projections regarding the areas of production. It is undisputed that Continental already holds interests in the very same areas in which the Wheatland Assets are located. As a result, through the Wheatland Acquisition, Continental is acquiring more of what it already owns. Indeed, Continental's experience in this particular area, and thus the experience of its shareholders by extension, militates in favor of the sufficiency of the treatment of these topics in the Proxy.

As the Court determined when it denied the preliminary injunction, the shareholders of Continental possessed sufficient information to assess the uncertainties associated with oil and gas prices which could be derived in the future from the acquisition of additional interests in an area in which Continental has been active for some time. Continental's annual reports, submitted to shareholders, provide detailed explanations of its experience in the very same area in which the Wheatland Assets are located. *See, e.,g.,* Continental 2010 Annual Report, admitted into evidence

10

at the preliminary injunction hearing as Continental hearing Exhibit 1.[5]

Plaintiff contends that more details regarding revenues and projected sales should have been disclosed because that information would have assisted the minority shareholders in evaluating the Wheatland Acquisition. However, "'[o]mitted facts are not material simply because they might be helpful.'" *Globis*, 2007 WL 4292024, at *12 (quoting *Skeen*, 850 A.2d at 1174). Instead, there must be "a substantial likelihood that the disclosure of the omitted fact would have been viewed" as having "significantly altered the 'total mix' of information made available" to the shareholders at the time the Proxy was issued. *TSC Industries,* 426 U.S. at 449; *In re Netsmart*, 924 A.2d at 199. When determining whether a plaintiff has sufficiently alleged facts to support a plausible claim that material information was omitted, courts look to the information actually disclosed as well as other information, even that which is publicly available. *See, e.g., Haberland*, 896 F. Supp. 2d at 424. In this case, Plaintiff and the other shareholders had access to additional information in Continental's annual reports which reported data regarding the same production areas as those to be acquired in the Wheatland Acquisition. Accordingly, the additional data which Plaintiff contends should have been detailed in the Proxy was available, and that data cannot satisfy the materiality standard.

The Court concludes that Defendants satisfied their fiduciary duty, as a matter of law, with respect to the disclosure of material facts related to the anticipated production of the Wheatland Assets, and related information regarding reserves. Any shareholder could readily compare the four scenarios used by Evercore and disclosed in the Proxy with current oil and gas prices and historical

---

[5] When considering a Rule 12(b)(6) motion to dismiss, the Court may take judicial notice of materials including, *inter alia*, "judicial notice of its own files and records," so long as such documents are considered only to show their contents and not to prove the truth of matters asserted therein. *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (citations omitted).

fluctuations, and decide for himself whether the scenarios supported the transaction. As discussed in detail with respect to the claimed omission of more specific data underlying Evercore's fairness opinion, *infra*, Defendants had no duty to disclose the underlying data. While additional information might have been of interest to a shareholder, that does not render its omission material.

Accordingly, the Court finds that Plaintiff cannot state a plausible claim for relief based on the omission of this information. To the extent that Plaintiff relies on that omission to support its breach of fiduciary duty claim, the motion to dismiss is granted.

Failure to disclose information regarding the Hamm children's trusts:

Plaintiff also alleges the Proxy should have, but did not, "inform shareholders that the trustee...was a long-time friend of Defendant Hamm, had received significant compensation from Hamm in the past, had access to Wheatland data not available to minority shareholders," and had access to information not available to the other Continental shareholders. Amended Complaint at ¶38.

As Defendants point out in their motion, in its orders denying Plaintiff's motions for injunctive relief, the Court determined that the disclosure of facts regarding the Trusts beyond that set out in the Proxy could not have been viewed by a reasonable shareholder as important in deciding how to vote on the Wheatland Acquisition. The Proxy disclosed the size of the Trusts' holdings, identified Bert Mackie as the co-trustee, and explained that Hamm had no power to determine how the Trusts' shares would be voted. Proxy, Defendants' Ex. 2 at p. 39. As Defendants also note, the August 10, 2012 shareholder vote approving the Wheatland Assets acquisition reflects that a majority of the minority shareholders approved the acquisition even if the Trusts' votes are not counted. *See* Defendants' Exhibit 3 in support of the motion is Continental's

SEC Form 8-K reflecting the total vote. Accordingly, even if those shares were excluded from the total shares approving the acquisition, the proposal would have been approved.

In any event, the allegations in the Amended Complaint fail to state a plausible claim for relief on the basis that additional facts regarding the Trusts would have altered the total mix of information available to the minority shareholders regarding the proposed Wheatland Acquisition. Thus, Plaintiff cannot show that there was a material omission on which a plausible claim for relief may be based. To the extent that Plaintiff relies on this omission to support its breach of fiduciary duty claim, the motion to dismiss is granted.

<u>Failure to disclose information regarding the costs of production, including transportation costs, from the Wheatland Assets:</u>

Plaintiff also contends the Proxy omits information regarding the projected costs of production of the Wheatland Assets, including transportation costs.

As discussed, *supra*, in evaluating the materiality of allegedly omitted information, the Court looks not only to the content of the Proxy, but also considers other information readily available to shareholders at the relevant time, including that which had been directly disclosed to them and that which is publicly available. *See, e.g., Haberland*, 896 F. Supp.2d at 424. "An omitted fact is not material when the facts underlying it are fully disclosed and publicly available." *Id.* (citing *Orman v. Cullman*, 794 A.2d 5, 33-34 Del. Ch. 2002); *O'Reilly v. Transworld Healthcare, Inc.*, 745 A.2d 902, 925-26 (Del. Ch. 1999) and *Wilen v. Pollution Control Indus., Inc.*, 1984 WL 8272, at *4-5 (Del. Ch. Oct. 15, 1984) (unpublished)).

In this case, the Proxy contains historical data reflecting revenue versus costs for 2009 through 2011 in the area covered by the Wheatland Acquisition, and that data shows increasing costs. Proxy at pp. 15, 33. A shareholder can readily determine from that information that costs

13

have exceeded revenues, and Plaintiff expressly does not contend that the Proxy contains false statements or is fraudulent in this regard. Furthermore, in addition to the cost projections in the Proxy materials, Continental's shareholders had other readily available information regarding the projected costs of production. The details of costs analyses for the development of oil and gas in the Bakken field had been disclosed to Continental shareholders, including those asked to vote on the Wheatland Acquisition, in Continental's annual reports. Continental's 2010 Annual Report provides specific information regarding the reserves and costs incurred in the Bakken area. Because the area proposed for acquisition is the same as that in which Continental already owns interests and has been operating for years, the information which Plaintiff claims was omitted was readily available to it and the other Continental shareholders from the annual reports. The disclosures in the Proxy materials, coupled with the other information readily available to the shareholders, provided adequate data from which the shareholders could determine potential costs of production for the acquisition of the Wheatland Assets.[6]

The Court concludes that the disclosures regarding the anticipated costs of production, including transportation costs, attributable to the Wheatland Assets were sufficient, as a matter of law, to satisfy Defendants' duty to disclose. Accordingly, to the extent Plaintiff's claim is based on this alleged failure to disclose, it fails to state a claim upon which relief may be granted.

Failure to disclose information underlying the Evercore fairness opinion:

The allegations in the Amended Complaint regarding the omission of material facts consisting of the underlying bases for the Evercore opinion do not differ from those in the original Complaint or those which Plaintiff argued in support of its preliminary injunction motion. As the

---

[6]To the extent that this data is, in part, the basis for Plaintiff's claim that Defendants failed to disclose information underlying the Evercore opinion, that claim is addressed in more detail in the following section.

Court concluded in its Order denying motion for Plaintiff's preliminary injunction, courts addressing the question have rejected claims based on the failure to disclose details underlying a fairness opinion. *Skeen,* 750 A.2d at 1173. "[Q]uibbles with a financial advisor's work simply cannot be the basis of a disclosure claim." *In re 3Com Shareholders Litigation*, 2009 WL 5173804, at *6 (Del. Ch. Dec. 18, 2009) (unpublished opinion); *see also In re JCC Holding,* 843 A.2d at 721. "Delaware law does not require disclosure of all the data underlying a fairness opinion such that a shareholder can make an independent determination of value." *Globis*, 2007 WL 4292024, at *13. "'Omitted facts are not material simply because they might be helpful.'" *Id.*, at * 12 (quoting *Skeen*, 750 A.2d at 1174). Thus, a disclosure "that does not include all financial data needed to make an independent determination of fair value is not *per se* misleading or omitting a material fact. The fact that the financial advisors may have considered certain non-disclosed information does not alter this analysis." *Id.* (citing *In re CheckFree,* 2007 WL 3262188, at *2). All that is required regarding a fairness opinion is an "adequate and fair summary" of the work resulting in the opinion. *In re CheckFree,* 2007 WL 3262188, at *3. A board of directors satisfies its obligation by "setting forth a fair summary of the valuation work...performed." *In re JCC Holding*, 843 A.2d at 722.

The Court concludes that, under the foregoing standards, Defendants in this case satisfied their duty to disclose Evercore's fairness opinion. The information set out in the Proxy provides an adequate and fair summary of Evercore's work, and Plaintiff thus cannot state a plausible claim for breach of the duty to disclose on this basis.

Even if the Court were to find that Defendants had a duty to disclose the details on which Plaintiff relies, dismissal is also appropriate where the allegedly omitted information was actually disclosed in the proxy statement. "Even at the pleading stage, dismissal is appropriate where the

15

complaint is premised on the nondisclosure of information that was actually disclosed." *In re Keyspan Corp. Securities Litigation*, 333 F.Supp. 2d 358, 377 (E.D.N.Y. 2003) (citations omitted).

In this case, the Proxy contains more than the required "fair summary" of the Evercore opinion, and provides considerable detail regarding information underlying Evercore's fairness opinion. As discussed, *supra,* the Proxy sets out the reserve data, the costs of production, and the anticipated production from the Wheatland Assets. Proxy, at p. 14. The Proxy sets forth four valuation scenarios addressed by Evercore and considered by the Special Committee and, ultimately, the Board. These scenarios underscore the inherent volatility of oil and gas prices. In this regard, the projections regarding anticipated oil and gas prices in the future cannot, of course, be predicted with certainty. Although additional, detailed disclosure may have been helpful, it was simply not required under the circumstances present in this case. Any shareholder could readily compare the four scenarios used by Evercore and disclosed in the Proxy with current oil and gas prices and historical fluctuations, and decide for himself whether the scenarios supported the transaction.

Disagreement with the substance of a fairness opinion, including challenges to the accuracy of valuation analyses, "does not constitute a disclosure claim." *JCC Holding*, 843 A.2d at 721. In *JCC Holding*, the plaintiffs alleged the directors should have disclosed more details regarding the facts underlying a fairness opinion regarding a proposed merger. Rejecting that contention, the court noted the "proxy statement obviously provided the plaintiffs with the material they needed to determine various ways in which they disagreed with" the opinion. *Id.* According to the court, the directors satisfied their disclosure duty "[b]y setting forth a fair summary of the valuation work...performed" in the fairness opinion. *Id.* at 722. The court granted the defendants' motion for judgment on the pleadings as to that claim.

In this case, Plaintiff's allegations in the Amended Complaint are similarly deficient because Defendants satisfied their duty to disclose the information provided by Evercore by including in the Proxy a summary of Evercore's fairness opinion. The foregoing authorities establish that, as a matter of law, the summary satisfied Defendants' duty to disclose. Furthermore, the Proxy contained more than a mere summary of the Evercore opinion. The additional detail, coupled with the information available to minority shareholders by virtue of Continental's existing ownership of interests in the same areas covered by the acquisition, clearly satisfied Defendants' duty to disclose. Accordingly, to the extent Plaintiff's claim is based on the non-disclosure of information underlying the Evercore opinion, Plaintiff has failed to state a plausible claim for relief, and the motion to dismiss is granted.

Failure to disclose why Continental determined it could proceed with the acquisition despite language in the Purchase Agreement which prohibits closing the acquisition while this litigation remains pending:

The Amended Complaint asserts one new allegation in support of Plaintiff's claim that the Defendants breached a fiduciary duty to disclose material information to shareholders. This contention asserts that the Purchase Agreement prohibits Continental and Wheatland from closing the transaction while this litigation remains pending. Amended Complaint at ¶ 39. Defendants seek dismissal of this claim because they contend that, according to the plain language of the Purchase and Sale Agreement, Plaintiff is incorrect because the agreement expressly provides that this condition may be waived.

The Purchase and Sale Agreement, submitted as Exhibit 7 to the motion to dismiss, provides that "[t]he obligations of Purchaser to consummate the transactions contemplated by this Agreement are subject to the satisfaction (or waiver by Purchaser) on or prior to Closing of each of the

following conditions precedent." Purchase and Sale Agreement at § 8.2. Among the conditions which could be waived is the condition that no litigation regarding the acquisition is pending at the time of the closing.[7] *Id.* at § 8.2(d). Furthermore, as Defendants also point out, the Proxy expressly informed shareholders that the conditions to consummating the Purchase and Sale Agreement could be waived. The Proxy states that "[a]ny condition to the consummation of the Acquisition may be waived in writing by the party to the Purchase and Sale Agreement entitled to the benefit of such condition." Proxy, Defendants' Ex. 2 at p. 4.

In its response brief, Plaintiff argues that the statement in the Proxy regarding the condition was misleading because shareholders could have been led to believe that, even if they had questions about the propriety of the Wheatland Acquisition, voting in favor of the acquisition was not a risk because the transaction would not close if litigation remained pending at the closing date. Plaintiff's response at pp. 13-14. Plaintiff suggests that shareholders were misled into believing that, even if they voted in favor of the acquisition, "the transaction would not close until all such shareholder issues as presented by plaintiff in this litigation had been resolved." Plaintiff's response at p. 14. Plaintiff then argues that Defendants breached their duty of candor by failing to disclose to the shareholders at the time of the vote that "they apparently knew that [the condition] either had been, or might be, waived." *Id.*

Plaintiff offers no legal authority to support its contention that Defendants had a duty to disclose something that might occur in the future. Furthermore, contrary to Plaintiff's argument, the

---

[7]The specific "no action" condition provides that "[o]n the Closing Date, no injunction, order or award restraining, enjoining or otherwise prohibiting the consummation of the transactions contemplated by this Agreement, or granting material damages in connection therewith, shall have been issued and remain in force, and no suit, action or other proceeding by a third party (including any Governmental Body) seeking to restrain, enjoin or otherwise prohibit the consummation of the transactions contemplated by this Agreement, or seeking substantial damages in connection therewith, shall be pending before any Governmental Body or arbitrator." Purchase and Sale Agreement at § 8.2(c).

18

Proxy expressly lists the conditions precedent to the closing, including but not limited to the pending litigation condition, and it expressly informs the shareholders that "any condition to the consummation of the Acquisition may be waived in writing." Proxy, Defendant's Ex. 2, at p. 4. Plaintiff offers no persuasive argument, and no legal authority, to support a contention that Defendants had a duty to further disclose the fact that a condition could be waived. The Court finds that no *reasonable* shareholder could have been misled by the Proxy statement's disclosure regarding the conditions in the Purchase and Sale Agreement or the provision that such conditions could be waived. The Court concludes that Plaintiff's contention fails to state a claim on which relief may be granted.

Conclusion:

For the foregoing reasons, the Court concludes that the Amended Complaint fails to state a claim for relief on the contention that Defendants breached their fiduciary duties to Plaintiff and other minority shareholders. The motion to dismiss [Doc. No. 86] is GRANTED.

Plaintiff has requested leave to further amend if the Court finds deficiencies in the Amended Complaint. "'[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell International Corp.*, 40 F. 3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Accordingly, a district court must justify its denial of a motion to amend with reasons such as futility of amendment or undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir.1996).

A court properly may deny a motion for leave to amend as futile when the proposed

19

amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997)(citing *AM Int'l, Inc. v. Graphic Management Assocs., Inc.*, 44 F.3d 572, 578 (7th Cir.1995) and *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir.1989)).

In this case, the Court has determined the allegations asserted by Plaintiff do not state plausible claims for relief because they are based on the failure to disclose information which, as a matter of law, Defendants had no duty to disclose, or was not material to a shareholder's decision whether to approve the acquisition. Under these circumstances, amending the complaint would be futile because Plaintiff cannot state plausible claims for relief on these bases under the prevailing law. Accordingly, leave to amend is denied.

IT IS SO ORDERED this 16th day of May, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE