IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUISIANA MUNICIPAL POLICE<br>  EMPLOYEES' RETIREMENT SYSTEM,<br><br>          Plaintiff,<br><br>v.<br><br>CONTINENTAL RESOURCES, INC.,<br>  HAROLD G. HAMM, H. R. SANDERS, JR.,<br>  JOHN T. McNABB II, MARK E. MONROE,<br>  ELLIS L. McCAIN,  ROBERT J. GRANT,<br>  JEFFREY B. HUME, and WHEATLAND<br>  OIL INC.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)   NO. CIV-12-667-D<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

Before the Court is the motion [Doc. No. 87] to dismiss the Amended Class Action Complaint ("Amended Complaint") filed jointly by Defendants Harold G. Hamm ("Hamm"), Jeffrey B. Hume ("Hume"), and Wheatland Oil, Inc. ("Wheatland").  The movants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Amended Complaint fails to state claims for relief against them.  Plaintiff timely responded to the motion, and the movants filed a reply brief.

In a separate motion, Defendants Continental Resources, Inc. ("Continental"), H.R. Sanders, Jr., John T. McNabb II, Mark E. Monroe, Ellis L. McCain, and Robert J. Grant (the "Special Committee Directors") sought dismissal of the claims against them pursuant to Fed. R. Civ. P. 12(b)(6).  In a May 16, 2013 Order [Doc. No. 97] ("May 16 Order"), the Court granted the motion in all respects, and it denied leave to amend on futility grounds. The legal conclusions in the May 16 Order regarding the plausibility of Plaintiff's claims against Continental and the Special

Committee Directors also apply to Plaintiff's claims against Hamm, Hume, and Wheatland. Accordingly, the May 16 Order [Doc. No. 97] is adopted and incorporated as though fully set forth herein.

The background of this action is explained in the May 16 Order and need not be repeated in detail in this Order. In brief summary, Plaintiff brought this action to assert claims that the defendants breached their fiduciary duties to the minority shareholders of Continental in connection with Continental's proposed acquisition of certain assets owned by Wheatland. Hamm is the majority shareholder and Chief Executive Officer of Continental. Wheatland is owned by Hamm and Hume, who is also Continental's Vice Chairman of Strategic Growth Initiatives and its former President and Chief Operating officer. Consistent with Securities and Exchange Commission rules, Continental was required to obtain shareholder approval for the proposed acquisition. Accordingly, it issued a definitive proxy statement ("Proxy") setting out the terms of the acquisition. The shareholder vote was scheduled for August 10, 2012.

Plaintiff is a Louisiana public retirement system owning Continental stock, and it was among the minority shareholders whose approval of the acquisition was required. In this lawsuit, it contends that the Proxy and related materials omitted material facts regarding the proposed acquisition, and the omission of such facts constitutes a breach of fiduciary duty. After filing this lawsuit, Plaintiff initially sought to prevent the scheduled shareholder vote, filing a motion for a temporary restraining order ("TRO"). After a hearing, the Court denied the TRO motion. Plaintiff then sought a preliminary injunction; following a hearing, the Court also denied that request. On August 10, 2012, the scheduled meeting of the Continental shareholders was conducted, and the shareholders approved the Wheatland Acquisition. On August 22, 2012, Plaintiff filed the Amended

Complaint [Doc. No. 79] which is the subject of the current motion to dismiss.

Plaintiff's breach of fiduciary duty claim against Continental and the Special Committee Directors is set forth in Count I of the Amended Complaint. Its claim against Hume is asserted in Count II, and alleges that Hume aided and abetted Continental and the Special Committee Directors in their alleged breaches of fiduciary duty. Plaintiff does not specifically include Hamm as a defendant on Count I or Count II and does not assert a specific count against him. However, as movants suggest, Plaintiff's factual allegations against Hamm are the same as those underlying its Count I allegations against Continental and the Special Committee Directors. With respect to Wheatland, Plaintiff asserts no claims against it, but characterizes it as a "nominal defendant." Amended Complaint at ¶ 15.

Plaintiff's claims against Defendant Hamm are based on the same factual allegations which the Court, in its May 16 Order, found inadequate to state a plausible claim for relief based on a breach of fiduciary duty. In the May 16 Order, the Court explained in detail the governing law as applied to the facts of this case, and concluded that Plaintiff cannot state a plausible claim against Continental and the Special Committee Directors because no breach of fiduciary duty can, as a matter of law, be found on the basis of any of Plaintiff's allegations. That same conclusion applies equally to Plaintiff's allegations against Hamm. Accordingly, the motion to dismiss is GRANTED as to Defendant Hamm, and the claims against him are dismissed.[1]

---

[1] As the movants suggest, the Amended Complaint could be construed as alleging that Hamm breached a fiduciary duty by failing to ensure that the Special Committee Directors disclosed all material facts in the Proxy and related materials. Any such claim must be dismissed because the Court has held that there was no failure to omit material facts. In any event, as the movants point out, as an interested director, Hamm could not lawfully participate in the decisions of the Special Committee Directors. As the proxy materials clearly state, Hamm did not participate in those decisions, and abstained from voting on the acquisition. See Proxy, Exhibit 2 to motion to dismiss, pp. 6, 11,12, 22, and 23.

With respect to the Count II claim against Hume, the claim asserts that Hume aided and abetted the breaches of fiduciary duty on which Count I is based. The Court's dismissal of the Count I claim based on breaches of fiduciary duty necessarily requires dismissal of the claim that Hume is liable for aiding and abetting[2] breaches which the Court has concluded did not occur. Accordingly, the motion to dismiss as to the claim asserted against Defendant Hume is also GRANTED.

With respect to Defendant Wheatland, the movants correctly argue that no claim for relief is asserted against it, and it is named only as a "nominal defendant." Plaintiff argues that it is necessary to name Wheatland to allow Plaintiff to obtain complete relief because Wheatland is an interested party. Response at p. 16. However, as the movants correctly point out, Plaintiff seeks no relief against Wheatland. Even if it had done so, however, dismissal of Wheatland is mandated at this time because the Court has granted the motions to dismiss the claims asserted against all other defendants. Accordingly, there is no basis for relief which could require Wheatland's inclusion as a defendant at this stage. The motion to dismiss Wheatland is GRANTED.

Having granted the motions to dismiss of all defendants in this action, the Court must determine whether leave to amend should be authorized. In the May 16 Order, the Court considered the rules applicable to determining whether leave to amend is mandated, and concluded that further amendment of the asserted claims would be futile. Again, the Court need not repeat that discussion in this Order. For the reasons stated in the May 16 Order, leave to amend is futile and will not be authorized.

Accordingly, the motion to dismiss [Doc. No. 87] of Defendants Hamm, Hume, and

---

[2] For this reason, the Court does not address Hume's argument that Oklahoma does not recognize a cause of action based on aiding and abetting a breach of fiduciary duty.

Wheatland is GRANTED in all respects. Inasmuch as no other claims remain against any other defendant, this action is dismissed.

IT IS SO ORDERED this 30th day of May, 2013.

*[signature]*
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE